# UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK.

IN RE: ASHMEEN MODIKHAN FAMILY TRUST.

Case No. 1-25-44044-jmm
Chapter 13

Ashmeen Modikhan.
Plaintiff.

Adversary Proceeding No.

v.

DEBT COLLECTORS BAC HOME LOANS SERVICING
BANK OF AMERICA, NA, US BANK TRUST NA.;
FOR TRUMAN 2016 SC TRUST AND DWELLING SERIES
IV TRUST AND DEBT COLLECTORS LAW FIRMS OF
GROSS POLOWY LLC, FRIEDMAN VARTOLO LP and it
Attorney Katherine Heidbrink et al., collectively known as
Defendants

**ADVERSARIAL COMPLAINT TO VOID THE UNPERFECTED SECURITY INTEREST IN THE PROMISSORY NOTE LIEN PURSUANT TO AND N.Y.R.P. (RPP) §§ 298 or 306 AND THEREBY VOID. THIS COURT HAS THE INHERENT POWERS TO VOID THE LIEN PURSUANT TO 11 U.S.C. 544 (a)(1), CORE PROCEEDING 28 U.S.C. 157 (b)(2)(H). THE PROMISSORY NOTE ISSUED TO COUNTRYWIDE HOME LOANS INC. AND AMERICA'S WHOLESALE LENDER WAS VOID *AB NITIO* AND TIME BARRED PURSUANT TO UCC 3-118a and 3-118b. MS. MODIKHAN ENTERED BANKRUPTCY ON OCTOBER 19, 2019, NO FURTHER DEMANDS FOR PAYMENTS FROM COUNTRYWIDE HOME LOAN INC. WAS MADE UPON ENTRY INTO LIQUIDATING BANKRUPTCY MAKING THE DEBT TIME BARRED AS OF ON OR ABOUT JANUARY 6, 2016 AND JANUARY 30, 2018 - PER UCC 3-118b.**

**(11 U.S.C. §§ 548, 544,) THIS IS A REQUEST TO TAKE JUDICIAL NOTICE OF MATERIAL IRREFUTABLE FACTS.**

Plaintiff Ashmeen Modikhan, by and through this filing, respectfully states the following:

## I. JURISDICTION AND VENUE



Plaintiff is the Debtor and a party in interest withstanding to pursue claims to recover fraudulent transfers affecting the bankruptcy estate.

1. This Court has jurisdiction over this adversary proceeding pursuant to **28 U.S.C. § 1334 and § 157(b).**
2. This is a core proceeding pursuant to **28 U.S.C. § 157(b)(2)(A), (C), (D), (H), (I), and (K).**
3. Venue is proper in this Court under **28 U.S.C. § 1409.**
4. This action is brought under **11 U.S.C. §§ 548, 544(b)(1), and 550,** and seeks to avoid and recover a fraudulent transfer of propertys or interest in property of the debtor.

## II. BACKGROUND AND NATURE OF TRANSFER

6. Within six years of Ms. Modikhan filing of the first bankruptcy petition in 2012, Defendants BAC Home Loans Servicing, LP, Rosicki Rosicki & Associates, Bank of America, NA, Berkman, Henoch, Peterson, Peddy & Fenchel PC, Gross Polowy LLC, Friedman Vartolo LLP and several others recorded **several false, fraudulent assignments of a mortgage that were not secured by the time barred promissory notes** Ms. Modikhan conveyed to her defunct bankrupt refinance lender Countrywide Home Loans Inc. ("CWL") and a purported lender, Americas Wholesale Lender ("AWL"), Ms. Modikhan filed an adversarial complaint in Bankruptcy Chapter in 2019 to be indemnified against Countrywide Home Loans Inc.and America's Wholesale Lender fraudulent loan origination practices regarding the non-amortizing arm loan portfolios. US Bank NA for Truman and Dwelling did not file a preference claim within its adversarial proceeding indicating it purchased Ms. Modikhan loan portfolios prior to or after Ms. Modikhan entered liquidation **bankruptcy on October 10, 2012 and April 30, 2024.**
7. Said transfers were and are fraudulent transfers based on there was no valuable consideration, no goods change for value of the notes nor did the assignments purport to purchase

any interest in the notes or mortgages there was no monetary amount stated within the fraudulent assignment of mortgages conveyance.

8. Each of the assignments executed by these debt collectors without the approval of the bankruptcy court and without consideration were fraudulent transfers pursuant to **11 USC 548** and are void because the promissory notes was time barred pursuant to UCC 3-118 (a) and (b) and the loans were and are voided as they are **violation of Home Ownership and Equity Protection Act is the Truth in Lending Act TILA Truth..**

## III. LEGAL GROUNDS FOR AVOIDANCE

### A. Constructive Fraud – 11 U.S.C. § 548(a)(1)(B)

9. BAC Home Loan Servicing and Bank of America, NA. purported transfer of the alleged mortgages which was not secured by the promissory notes conveyed Ms. Modikhan's Countrywide Home Loan Inc and America's Wholesale lender **without the debtor receiving reasonably equivalent value translation there was no amount of money stated that was paid.** At the time of the transfer, the debtor was insolvent or became insolvent because of the transfer.

10. These transfers were made with no legal standing, after the alleged original lender had already entered bankruptcy and liquidation.

11. The transferees (Bank of America NA, BAC Home Loans Servicing LP, MERS) were **not parties to the original contract** and had no legal authority or perfected interest under New York law or bankruptcy law.

12. **B. Avoidance Under Trustee's Strong-Arm** valid security interest in the debtor's personal or real property by **failing to file a UCC-1 Financing Statement** with the New York (DOS) and the Department of Treasury.

13. These parties' security interests are therefore void as a matter of law pursuant to UCC three dash 203-d by the trustee or Debtor acting under the strong-arm powers of § 544(a)(1).

14. See each of the fraudulent executed assignments of mortgages that were not secured by Ms. Modikhan's time bard promissory note.

## IV. FACTS SUBJECT TO JUDICIAL Powers – 11 U.S.C. § 544

15. The Defendants failed to perfect any **NOTICE** Plaintiff moves this Court under **Fed. R. Evid. 201** to take **judicial notice** of the following facts, which are evidenced by court records, public registries, and uncontested filings:

1. **No UCC-1** was filed with the New York Treasury or local recording office, leaving any claimed security interest **unperfected** under the **UCC**.

2. The **mortgage assignments instrument was not properly acknowledged** under **N.Y.R.P. (RPP) §§ 298 or 306**.

3. The plaintiff's signature was never acknowledged by an attorney-at-law or notary public, rendering the document unrecordable.

4. Two assignments were recorded: one **six years after Ms. Modikhan's bankruptcy**, and another **more than six years later**, both without this **Honorable Bankruptcy Court** approval and therefore **null & void under pursuant to 11 USC § 549** and state law.

5. In **Ms. Modikhan's bankruptcy adversary proceedings**, US Bank, NA for Truman Trust and Dwelling Trust sought indemnification, effectively admitting it **never properly acquired Ms. Modikhan's loan**.

6. US Bank, NA for Truman Trust and Dwelling Trust **failed to file a preference claim** under **11 U.S.C. § 547**, nor did it seek relief under § 363 or § 365 to assume or purchase the Modikhan contracts.

7. The assignments violate **N.Y.R.P. (RPP) §§ 298 or 306** and are **void as a matter of law** for lack of acknowledgment, improper form, and failure of consideration.



8. Instruments were **accepted for recording in violation of law**, as they lacked a required affidavit or acknowledgement.

9. The assignments fail to state the **consideration or amount paid**, rendering them **void ab initio** for lack of contractual sufficiency.

10. BAC Home Loan Servicing LP and Bank of America, NA executed a **fraudulent assignment via MERS**, falsely asserting MERS was a nominee of Countrywide Loan Home Inc. and America's Wholesale Lender when **MERS was not named in the refinance loan contract**.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ashmeen Modikhan respectfully requests that the Court enter judgment:

A. **Avoiding the fraudulent transfers** described above pursuant to 11 U.S.C. § 548(a)(1)(B);

B. **Declaring void** any unperfected security interest under § 544(a)(1);

C. **Declaring void ab initio** any recorded assignments of the notes and mortgages for noncompliance with **N.Y.R.P. (RPP) §§ 298 or 306** and bankruptcy law;

D. **Ordering the expungement** of such fraudulent instruments from county and court records;

E. Taking **judicial notice** of the ten material facts set forth herein;

F. Granting such other and further relief as this Court deems just and proper.

I, Ms. Ashmeen Modikhan, reserves the right to bring **Civil Claims** and **Criminal Actions** against the named parties and others **Either during or after this adversary proceeding trial has been concluded.**

Dated: 11/04/2025

By: /s/ Ashmeen Modikhan
Ashmeen-: Modikhan, Trustee of Estate.
ASHMEEN MODIKHAN ESTATE/TRUST
In care of 94-22 Magnolia Court Ste 1B
Ozone Park, New York Republic [11417-2959].

# CERTIFICATE OF SERVICE

I CERTIFY, that the foregoing was provided to and by electronic mail to the below agency and agents on the 7th day of November 2025:

**MICHAEL J. MACCO TRUSTEE**
2950 EXPRESS DR S
STE 109
ISLANDIA, NY 11749
631-549-7908
631-549-7845 (fax)
ecfmacco@trustee13.com

**Office of the United States Trustee**
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408
(212) 206-2580
USTPRegion02.BR.ECF@usdoj.gov

**SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust**
**KATHERINE HEIDBRINK**
**Friedman Vartolo LLP**
1325 Franklin Avenue
Suite 160
Garden City, NY 11530
United States
Bankruptcy@FriedmanVartolo.com
bkecf@friedmanvartolo.com

**U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust**
**KATHERINE HEIDBRINK**
**Friedman Vartolo, LLP**
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
Bankruptcy@FriedanVartolo.com
bkecf@friedmanvartolo.com

Dated: November 07, 2025

_[signature]_
Ashmeen-: Modikhan Trust: POA for Modikhan Ashmeen, Ex

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Chapter 13

Case No.: 1-25-44044-jmm

_____

Ashmeen-: Modikhan: Sui Jursi, a Civilian POA for
ASHMEEN MODIKHAN ESTATE FAMILY TRUST,
Non-Combatten.                                    Petitioner.

ADVERSARY PROCEEDINGS
COMPLAINT ORDER FOR
PERMANENT INJUNCTIVE RELIEF

Vs.

DEBT COLLECTORS BAC HOME LOANS SERVICING
BANK OF AMERICA, NA, US BANK TRUST NA.;
FOR TRUMAN 2016 SC TRUST AND DWELLING SERIES
IV TRUST AND DEBT COLLECTORS LAW FIRMS OF
GROSS POLOWY LLC, FRIEDMAN VARTOLO LP and its
Attorney Katherine Heidbrink et al., collectively known as
Defendants
_____X

ADVERSARY COMPLAINT TO VOID
FRAUDULENT ASSIGNMENTS OF
MORTGAGE AS FRAUDULENT
TRANSFERS UNDER 11 U.S.C. §§
548 AND 523(a)(2) FRAUD, 542
TURNOVER & 1101 AND TO VOID
TIME-BARRED PROMISSORY
NOTE AND MORTGAGE.

I Declare under Penalty of Perjury that the laws of the united state of America that the foregoing is true and correct.. That: I Declare under Oath, under Pains and Penalty of Perjury in front of the under line Authority that has Authority to Administer Oath. I, a woman, Affiant, being over the age of eighteen (18) years, competent to handle my affairs does state for the public record the following: I am a civilian before this court by Special Appearance without waiving any rights remedy defense Statutory or procedural, state I am of sound mind., I Reserve my Rights at all times.

# JURISDICTION

1.     This Bankruptcy Court has jurisdiction to hear this matter pursuant to **28 U.S.C. §§ 1334 (b) (e)1), and (K) and the orders of reference by the District Court Dated 02/29/2012.** This Court has sold jurisdiction as a core proceeding consuming 28 USC 157(b)(2)(A) and (G) Pursuant to 28 USC 1334(e)(1). This court has the authority to avoid fraudulent transfers of the alleged mortgages I conveyed to defunct refinance lender Countrywide Home Loans Inc & Americas Wholesale Lender, and its alleged servicing companies BAC Home Loans Servicing F/K/A Countrywide Home Loan Servicing etc., to present U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust &  Bank Of America, NA Successor By Merger To BAC Home Loans Servicing LP F/K/A etc.,to the present U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust Pursuant to control **11 U.S.C. §§ 548, 544(b)(1), and 550.** This Court has authority to avoid the time barred Promissory note liens against my real properties.

**I. ISSUE BEFORE THIS COURT.**

This adversary proceeding is being brought to vacate the fraudulent transfers of my alleged mortgages by BAC Home Loans Servicing F/K/A Countrywide Home Loan Servicing etc., to present U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust & Bank Of America, NA Successor By Merger To BAC Home Loans Servicing LP F/K/A Countrywide Home Loans LP etc., to present U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust in violation of Bankruptcy automatic stay.

The assignment of mortgages is void of any monetary consideration making the assignment void on its face.

## II. BACKGROUND AND NATURE OF TRANSFER.

Within six years of BAC Home Loans Servicing F/K/A Countrywide Home Loans LP/ debt collectors to the present U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust & Bank Of America, NA Successor By Merger To BAC Home Loans Servicing LP F/K/A Countrywide Home Loans LP and all services/debt collectors to the present U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust.

The bankruptcy filing in 2012( Case No. 12-44750 and 2019 Case No. 19-46591, perpetuated by the counsels on behalf of the present Defendants U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust & U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust counsels Countrywide Home Loans Inc., and Americas Wholesale Lender execute fraudulent assignment to itself on 04/24/07 & 05/31/07, 12/12/2011 and to U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust & U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust counsel including others recorded **several false and fraudulent assignments of a mortgage** that were not secured by the **time-barred promissory note** originally conveyed by Ms. Modikhan to the defunct refinance lender, Countrywide Home Loans Inc., & Americas Wholesale Lender.

6.    U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust & U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust counsel filed a motion to lift



the stay in the EDNY bankruptcy requesting **indemnification** for defunct refinance lender, Countrywide Home Loans Inc., & Americas Wholesale Lender fraudulent loan origination practices, particularly regarding non-amortizing ARM loan portfolios. BAC Home Loans Servicing F/K/A Countrywide Home Loans LP & Bank Of America, NA Successor By Merger To BAC Home Loans Servicing LP F/K/A Countrywide Home Loans LP complaint did not allege that it had purchased any secured loan portfolios from Countrywide Home Loans Inc. or Americas Wholesale Lenders, nor did it assert any preference claims.

7. Ms. Modikhan entered **liquidation bankruptcy on October 12, 2012 & April 24, 2024.**

8. The alleged assignments are **fraudulent transfers** as they were executed without valuable consideration, fail to state the amount allegedly paid for the mortgages, and do not purport to purchase any enforceable interest in the promissory note or mortgages.

9. The assignments were executed by these debt collectors **without bankruptcy court approval, without consideration, and are fraudulent transfers pursuant to 11 U.S.C. § 548.** The promissory notes are time-barred under **UCC §§ 3-118(a) and 3-118(d).**

10. These transfers violate the **Truth in Lending Act (TILA)** and the **Home Ownership and Equity Protection Act (HOEPA).** In Ms. Modikhan's adversary complaint, the bank acknowledged its liability for defective loan origination practices, but now seeks to enforce the same invalid loan—an impermissible legal contradiction.

### III. LEGAL GROUNDS FOR AVOIDANCE

**A. Constructive Fraud – 11 U.S.C. § 548(a)(1)(B)**

12. Countrywide Home Loans Inc. and Bank Of America purported transfers of Ms. Modikhan alleged mortgages was **not secured by the original promissory note** conveyed to Debt Buyers/Servicers BAC Home Loans Servicing F/K/A Countrywide Home Loans LP &Bank Of America, NA Successor By Merger To BAC Home Loans Servicing LP F/K/A Countrywide

Home Loans LP, and the transfer was made **without reasonably equivalent value**; the assignment failed to state any consideration.

13. At the time of the alleged transfer, the Debtor was insolvent or became insolvent as a result of the transfer.

14. These transfers were made **without legal standing** and long after Ms. Modikhan had entered liquidation bankruptcy.

**15.** The transferees (BAC Home Loans Servicing, Bank Of America, NA , MERS and to the present) were **not parties to the original loan contract** and had no legal authority or perfected interest under New York or federal bankruptcy law.

**B. Avoidance Under Trustee's Strong-Arm Powers – 11 U.S.C. § 544(a)(1)**

16. Defendants failed to perfect any valid security interest in the Debtor's personal or real property by **failing to file a UCC-1 Financing Statement** with the New York Department of Treasury.

17. The alleged security interests are therefore **void as a matter of law** under **UCC § 3-203(d)** and avoidable by the trustee or Debtor under **11 U.S.C. § 544(a)(1).**

**IV. FACTS SUBJECT TO JUDICIAL NOTICE**

Plaintiff respectfully requests that the Court take **judicial notice** under **Federal Rule of Evidence 201** of the following irrefutable facts:

1. No UCC-1 Financing Statement was filed with the New York Treasury or county recording office, leaving any claimed security interest **unperfected under the UCC.**

2. The mortgage assignment instruments were **not properly acknowledged** in accordance with **N.Y.R.P. (RPP) §§ 298 or 306.**

3. Plaintiff's signature on the mortgages was **never acknowledged by an attorney-at-law or a notary public,** rendering the documents **unrecordable.**

4.  Two assignments were recorded: one **six years after Ms. Modikhan's bankruptcy** and another more than six years later, both without this Court's approval and therefore void under **11 U.S.C. § 549.**

5.  U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust & U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust counsel prior Motion to Lift the Stay in EDNY bankruptcy **sought indemnification** and did not assert ownership or lawful acquisition of Ms. Modikhan mortgages.

6.  U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust & U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust counsel **failed to file a preference valid claim** under 11 U.S.C. § 547 or to obtain bankruptcy court approval under **11 U.S.C. §§ 363 or 365.**

7.  The assignments **violate N.Y.R.P. (RPP) §§ 298 or 306** and are void for lack of acknowledgment, improper form, and failure of consideration.

8.  The instruments were **improperly accepted for recording,** despite lacking the required affidavit of title or proper acknowledgment.

9.  The assignments **fail to state any monetary consideration,** rendering them **void ab initio.**

10. Countrywide Home Loans Inc., & Bank of America executed fraudulent assignments via MERS, falsely claiming MERS was a nominee of Countrywide Home Loans Inc., despite **MERS never being named in Ms. Modikhan's purported original and refinance loan contract.**

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ashmeen Modikhan respectfully requests that this Court enter an Order:

A. Avoiding the fraudulent transfers described herein pursuant to **11 U.S.C. § 548(a)(1)(B);**

B. Declaring void any unperfected security interest under **11 U.S.C. § 544(a)(1);**



C. Declaring void **ab initio** all recorded assignments of the notes or mortgages for failure to comply with **N.Y.R.P. (RPP) §§ 298 or 306** and bankruptcy law;

D. Ordering the **expungement** of such fraudulent instruments from county and court records;

E. Taking **judicial notice** of the ten material facts set forth above;

F. Granting such other and further relief as this Court deems just and proper.

I, Ms. Ashmeen-: Modikhan, reserves the right to bring **Civil Claims** and **Criminal Actions** against the named parties and others **Either during or after this adversary proceeding trial has been concluded.**

**Dated:** November 04, 2025

By: /s/ Ashmeen-: Modikhan
Ashmeen-: Modikhan, Auth Rep.
℅ 94-22 Magnolia Court, Ste 1B
Ozone Park, New York Republic
near [11417-2959] Non-Domestic Zip Exempt.
General Rule Delivery
In care of MAGNOLIA COURT
Ozone Park New York Republic, [11417-2959]
Phone 718 869 3384
Email

# UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

IN RE: ASHMEEN MODIKHAN FAMILY TRUST.

**Adversary Proceeding No.:**

Ashmeen Modikhan, Debtor.

Case No.: 1-25-44044-jmm
**Involuntary Bankruptcy Chapter 13**

### AFFIDAVIT OF ASHMEEN MODIKHAN

STATE OF: NEW YORK

SS:

COUNTY of: QUEENS

On this date **11/05/25** SUBSCRIBED AND SWORN TO, AND AFFIRMED, before me **Ashmeen Modikhan**, a notary public, by **Vira L Jones** in and for said state, personally appeared **Ashmeen Modikhan**, who, after being duly sworn according to law, deposed and said:

I, Ashmeen Modikhan, Cross-Plaintiff in this matter affirm as follows:

## AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF ADVERSARY PROCEEDING AND REQUEST FOR CRIMINAL INVESTIGATION PURSUANT TO 18 U.S.C. § 157

### I. AFFIANT'S STATEMENT

I, **Ashmeen Modikhan**, being duly sworn, depose and state the following:



1. I am the Plaintiff and Debtor in the above-captioned adversary proceeding and I submit this affidavit in support of my adversary complaint to void fraudulent transfers and to request criminal investigation pursuant to **18 U.S.C. § 157 (Bankruptcy Fraud).**

2. This affidavit is submitted as **probable cause** to support my allegations that BAC Home Loans Servicing, Bank Of America, NA, including several others to the present U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust & U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust counsel and its counsels engaged in a deliberate and fraudulent scheme to unlawfully transfer, record, and enforce assignments of a charged-off, time-barred mortgages without securing the underlying promissory notes.

## II. BASIS FOR PROBABLE CAUSE

3. The Defendants alleged they acquired the **defaulted, charged-off, time-barred, void *ab initio* mortgages** that were not secured by the promissory notes originally executed by me in favor of America's Wholesale Lenders and Countrywide Home Loans Inc. including several others to the present U.S. Bank Trust, National Association, As Legal Title Trustee For Truman 2016 Title Trust & U.S. Bank Trust National Association, As Trustee Of Dwelling Series IV Trust".

4. The fraudulent assignments of mortgages were executed and recorded:

o In violation of **11 U.S.C. § 548 (fraudulent transfers), 11 U.S.C. § 549 (post-petition transfers), and 11 U.S.C. § 362 (automatic stay)** in Ms. Modikhan's liquidation bankruptcy.

o Without **bankruptcy court approval** and without **consideration or value exchanged.**

5. Counsels for BAC Home Loans Servicing and Bank Of America, NA **never commenced foreclosure to enforce the promissory note** but instead relied solely on an assignment of mortgage dated **April 25, 2007 for Heloc of 49,000 and February 23, 2012.**

o In **violation of the National Mortgage Settlement,** which prohibited robo-signing.

o In **violation of Bank of America consent judgment** with the U.S. Department of Justice and the New York Attorney General, which required Chase to cease robo-signing practices.



o    In **violation of Judge's Mojgan C. Lancman and Martin J. Schulman Administrative Order** prohibiting the backdating of foreclosure documents and the use of unauthenticated affidavits of title.

6. The assignments was **robo-signed, forged, and improperly acknowledged** without legally sufficient affidavits or validation.

### III. FACTS SUBJECT TO JUDICIAL NOTICE

I respectfully request the Court to take **judicial notice** under **Fed. R. Evid. 201** of the following irrefutable facts:

Ms. Modikhan affirms by personal knowledge she was never served notice for BAC Home Loans Servicing LP F/K/A Countrywide Home Loans Servicing and Bank of America, entered liquidating bankruptcy October 23, 2012; nor any evidence on record for Countrywide Home Loan Inc., receiving asset transfers from JP MORGAN Chase Bank. Any attempt to enforce Ms. Modikhan's alleged debt obligation to U.S. Bank NA for Truman Trust and Dwelling Trust by any party, had to be null and void for said bankruptcy.

1. No **UCC-1 Financing Statement** was filed with the New York Treasury or county recording office by Americas Wholesale Lenders, Countrywide Home Loans Inc., or their alleged successors.
2. The mortgage assignment instruments were **not properly acknowledged** as required by **N.Y.R.P. (RPP) §§ 298 or 306.**
3. My signature on the mortgage was never properly acknowledged by a notary public or attorney-at-law, rendering the instrument **unrecordable.**
4. The recorded assignments of mortgages occurred **six years after Ms. Modikhan's bankruptcy** and were executed without this Court's approval, in direct violation of **11 U.S.C. § 549.**

5. Prior motion to lift the stay in the EDNY bankruptcy sought **indemnification** for defective loan origination but did not claim to have purchased or lawfully acquired the alleged loans.

6. US Bank NA for Truman and Dwelling **failed to file a preference claim under 11 U.S.C. § 547** and did not seek bankruptcy court approval under **11 U.S.C. §§ 363 or 365**.

7. The assignments violate **N.Y.R.P. (RPP) §§ 298 or 306** and are void due to improper acknowledgment, lack of consideration, and improper form.

8. The recording clerks **improperly accepted the assignments for recording** despite the absence of affidavits of title and proper acknowledgment.

9. The assignments **fail to state any monetary consideration,** rendering them **void ab initio**.

10. Countrywide Home Loans Inc. and America's Wholesale Lenders executed fraudulent assignments via MERS, falsely claiming MERS was a nominee of Bank of America, NA & BAC Home Loan Servicing LP, despite MERS **not being named in my refinance loan contract.**

## IV. REQUEST FOR CRIMINAL INVESTIGATION

11. Based on these facts, I have **probable cause to believe** that US Bank NA for Truman and Dwelling, Fay Servicing, Rushmore Loan Management Servicing and its attorneys **committed bankruptcy fraud** in violation of 18 U.S.C. § 157, **mail fraud under 18 U.S.C. § 1341, and possibly conspiracy under 18 U.S.C. § 371.**

12. I respectfully request that this Court refer this matter to:

- The **United States Department of Justice**
- The **United States Trustee's Office**
- The **New York State Attorney General's Office**

For immediate **criminal investigation and appropriate enforcement action.**

## V. RELIEF REQUESTED



I respectfully request that this Court:

- Accept this affidavit as **an affidavit of probable cause under 18 U.S.C. § 157.**
- Take **judicial notice** of the facts enumerated herein.
- Refer this matter to the appropriate criminal enforcement authorities.
- Grant the relief requested in the attached **adversary complaint to void fraudulent transfers and assignments.**
- Grant such other and further relief as this Court deems just and proper.
- **I certify under penalty of perjury that the foregoing is true and correct.**

I hereby affirm that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully true to the best of my knowledge, under the penalty of perjury.

By: _____

Signature: Printed Name: Ashmeen-: Modikhan

SUBSCRIBED AND SWORN TO, AND AFFIRMED, before me on this 5th day of, November by ___.

_____ My Commission expires: April 2, 2027

**Notary Public**           (SEAL)

Dated: November 04, 2025
Respectfully submitted,
Ashmeen Modikhan
Pro Se Plaintiff
In care of 94-22
Magnolia Court, Ste 1B
Ozone Park, New York Republic
General Rule Delivery

VIRA L. JONES
NOTARY PUBLIC, State of New York
No. 01JO6163732
Qualified in Kings County
Commission Expires April 2, 20 27

